IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**LARRY WASHINGTON**                                                                    **PLAINTIFF**

**VS.**                                                            **CIVIL ACTION NO. 3:05CV591LN**

**CITY OF BROOKHAVEN – WATER
DEPARTMENT**                                                                           **DEFENDANT**

## ORDER

This matter came before the court on the Motion to Remove City of Brookhaven's Attorneys. The basis of the Motion is the contention of Larry Washington, the *pro se* Plaintiff in this matter, that the law firm of Allen, Allen, Breeland and Allen should be disqualified from representing the Defendant in this matter, on grounds of conflict of interest. This case arises from a dispute between the Plaintiff and the City of Brookhaven over his water service being discontinued. The alleged conflict of interest stems from two incidents: (1) a title opinion rendered in connection with the Plaintiff's purchase of the property in 1992 and (2) a trespassing action filed against Larry Washington in July, 2005. The title opinion was rendered by Durwood J. Breeland, who joined the firm of Allen, Allen, Breeland and Allen after the title work was done. The Plaintiff in the trespassing action is represented by William D. Boerner, who was associated with the firm of Allen, Allen, Breeland and Allen until December, 2003. Having reviewed the material submitted by both parties, the court is of the opinion that no conflict exists and that the Plaintiff's Motion should be denied.

With regard to Mr. Breeland, the court notes that his title opinion was based on an examination of public records. The Plaintiff does not allege, and the court cannot conclude, that this examination allowed Breeland to obtain any confidential information that could now be used to the

Plaintiff's disadvantage in this litigation. With regard to Washington's claim that he cannot obtain documents from Breeland related to his ownership of the subject property, those documents should be part of the public records of Lincoln County and are as available from that source to the Plaintiff as they would be to Mr. Breeland.

At the time that Breeland rendered the title opinion, he practiced law in a partnership with Mr. Boerner. Again, there is no indication that Breeland obtained confidential information in reviewing the public land records, nor that he shared any confidential information with Boerner. Although Boerner was a member of the firm representing the Defendant for some period of time, he severed that relationship before representing the Plaintiff in the trespass action. The trespass action is separate and distinct from this lawsuit, and Boerner's representation of the Plaintiff in that matter has no bearing on whether defense counsel should be disqualified here. For all of these reasons, the Motion to Dismiss Attorneys will be denied.

IT IS, THEREFORE, ORDERED that the Plaintiff's Motion to Dismiss Attorneys and his Amended Motion to Dismiss Counsel are hereby **denied**.

IT IS SO ORDERED, this the 9th day of December, 2005.

S/Alfred G. Nicols, Jr.<br>UNITED STATES MAGISTRATE JUDGE